■ ADRIENNE FAYE SAUNDERS, Respondent, v RICHARD MARK GUBERMAN, Defendant. ADVOCATE & LICHTENSTEIN, LLP, Nonparty Appellant. [1 NYS3d 49]—

Appeal by nonparty appellant law firm, from an order, Supreme Court, New York County (Ellen Gesmer, J.), entered August 6, 2013, which, to the extent appealed from, denied defendant husband's motion for an award of $150,000 in interim counsel fees, unanimously dismissed, without costs, for lack of standing.

The nonparty law firm lacks standing to appeal the denial of defendant husband's motion for interim counsel fees. Domestic Relations Law § 237 (a) authorizes the court in its discretion to direct either spouse to pay counsel fees *to the other spouse* "to enable [that spouse] to carry on or defend the action or proceeding." The law firm is not a "spouse" in the divorce action and therefore any counsel fees requested by it are not authorized by the Domestic Relations Law. The right to seek remedy for the court's allegedly improper denial of the motions for interim counsel fees belongs solely to defendant husband. While defendant husband initially appealed from both of the court's orders denying his requests for interim counsel fees, the order appealed from herein and an order entered January 24, 2013, he has since withdrawn his notices of appeal.

To the extent the law firm raises issues relating to the January 24, 2013 order, it failed to appeal from that order but had it done so, the appeal would likewise have been dismissed for lack of standing. We note that there are other remedies available to the law firm, one of which it has already pursued, i.e., a statutory charging lien in the amount of $227,517.91 granted by the motion court. Concur—Mazzarelli, J.P., DeGrasse, Manzanet-Daniels, Feinman and Gische, JJ.